UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  **ORDER**
        v.                          03-CR-33-A

JOSE BOREA,

                Defendant.
_____

The defendant, Jose Borea, has filed a motion pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583(e)(1) for early termination of a five-year term of supervised release. Defendant Borea has served approximately two years and eleven months of that five-year term, and he argues that further supervised release is unnecessary to achieve the purposes of supervision.

The United States originally opposed defendant Borea's motion for early termination of supervision, arguing that he had not met a purported requirement from *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997). However, the United States overlooked that its:

> reasoning [was] contrary to the plain language of *Lussier*, which does not require new or changed circumstances relating to the defendant in order to modify conditions of release, but simply recognizes that changed circumstances may in some instances justify a modification. So long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant.

*United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (citation omitted). In

addition, the United States had not taken into account the views of the United States Probation Office, which does not oppose early termination of supervised release. In a supplemental filing, the United States indicates it has changed its position, and it now does not oppose the defendant's request for early termination.

Neither party addressed in their submissions to the Court that defendant Borea's original term of supervised release was imposed for an offense that carried a statutory mandatory-minimum term of supervision of ten years to life. *See* Dkt. Nos. 271, 274-2 ¶¶ 1-2; 21 U.S.C. §§ 841(b)(1)(A) and 851. It was a very serious offense, but the sentence was ultimately imposed pursuant to 18 U.S.C. § 3553(e), and was to the five-year term of supervision. Dkt. No. 399. That term of supervision coincided with the mandatory-minimum term of supervision set by 21 U.S.C. § 841(b)(1)(A) for an offender with none of the prior qualifying convictions the defendant had sustained.

Having considered all the relevant statutory purposes of supervised release at 18 U.S.C. § 3553, *see* § 3583(e), the Court concludes that defendant Borea's term of supervision shall be discharged as of November 5, 2018 upon successful completion of three full years of supervision. His motion for early termination, Dkt. No. 726, is therefore granted effective November 5, 2018, on the condition that no violations occur before that date.

**IT IS SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: October 2, 2018